UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CMG WORLDWIDE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 1:11-cv-00719-RLY-TAB |
| RALS-MM LLC, | ) | |
| ANNA FREUD CENTER, | ) | |
| ANNA STRASBERG, | ) | |
| DAVID STRASBERG An Individual, | ) | |
| STANLEY BUCHTHAL An Individual, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON MOTION TO DISMISS**

Before the court is a Motion to Dismiss filed by Defendants RALS-MM LLC and Stanley Buchthal. The motion is filed pursuant to Rules 9(b), 12(b)(2), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. Because, as described below, the court finds some merit in part but not all of the motion, it will be **GRANTED** in part and **DENIED** in part.

**I. Background**

For over a fifteen year period beginning in 1995, and pursuant to agreements it struck with the Estate of Marilyn Monroe (the "Estate") and the Estate's successors in

1

interest, Plaintiff CMG Worldwide, Inc. ("CMG"), served as the exclusive representative for the post-mortem intellectual property rights associated with Marilyn Monroe. During that time period, the Estate and its successors warranted their ownership rights in the intellectual property and CMG negotiated hundreds of agreements for the use of the property rights and policed the marketplace for the unauthorized use of those rights. In 2011, an agreement was reached between CMG and MM-ABG, LLC, a successor in interest to the Estate, ending CMG's exclusive representation of the post-mortem intellectual property rights. CMG claims that things have not gone as agreed since the termination agreement and, accordingly, filed this lawsuit in state court, which Defendants have since removed to this court. Prior to the lawsuit being removed, CMG reached a settlement agreement with Defendants MM-ABG, LLC and its parent, Authentic Brands Group, LLC. However, CMG continues to pursue RALS-MM LLC, another successor in interest to the Estate, Stanley Buchthal, a member of MM-ABG, LLC, and three members of of RALS-MM LLC, Anna Strasberg, David Strasberg and the Anna Freud Center ("the Center").[1]

## II. Discussion

### A. Failure of Service of Process

The Complaint is not a model of clarity and, in reviewing it, there are occasions

---

[1] Defendants deny that David Strasberg is a member of RALS-MM LLC.

when it is difficult to understand exactly what CMG alleges each of the Defendants did to contribute to its claimed damages. Nevertheless, there are four Counts to the Complaint: (1) Breach of Contract (all remaining defendants), (2) Fraud (all remaining defendants), (3) Fraud (all remaining defendants), and (4) Tortious Interference with Contract (Buchthal). However, before any required substantive analysis of the allegations of the Complaint, Defendants assert that the court lacks personal jurisdiction over the Strasbergs or the Center because they have not been served. Accordingly, Defendants argue that the Strasbergs and the Center should be dismissed pursuant to Rule 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure. CMG does not maintain that the Strasbergs or the Center were served with the Complaint and summons, or even that any effort was made to do so. It does claim that these particular defendants should not be dismissed because of a combination of factors. First, CMG points out that these Defendants are members of a limited liability company which was properly served and that they have actual knowledge of this lawsuit. Further, the Strasbergs and the Center agreed to the removal of the action to this court from state court. Unfortunately for CMG, none of those reasons is sufficient to excuse its failure to serve or attempt to serve these three Defendants.

In order for a court to assert personal jurisdiction over a defendant, that defendant must be validly served, and it is incumbent upon the plaintiff to prove that it accomplished the same. *Claus v. Mize*, 317 F.3d 725, 727 (7th Cir. 2003). Whether or not service of process was sufficient so as to provide a federal court with jurisdiction over a matter

3

removed from state court depends upon whether the state court would have had jurisdiction if the matter remained in state court. *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922).

The record reveals that the Hamilton County, Indiana Clerk issued only four summonses in this case, none of which were for the Center or the Strasbergs. In Indiana, due process requires service of notice in a manner reasonably calculated to inform a defendant of the pending lawsuit. *Spangler v. State*, 607 N.E.2d 720, 725 (Ind. 1993). Actual knowledge of the lawsuit does not satisfy the due process requirements. *Overhauser v. Fowler,* 549 N.E.2d 71, 73 (Ind. Ct. App. 1990). The Indiana Business Flexibility Act, Indiana Code § 23-18-1-1 *et seq.,* provides no authority for service upon a limited liability company being effective as to its individual members and, in fact, the Act proscribes the making of an individual member of such a limited liability company a party to a lawsuit based solely on membership in the company. Ind. Code § 23-18-3-5. Furthermore, a defendant does not waive any defense or objection to personal jurisdiction based upon an alleged deficiency in service of process simply by removing an action from state court. *Freeman v. Bee Mach. Co.*, 319 U.S. 448, 449 (1943); *Block v. Block*, 196 F.2d 930, 932-33 (7th Cir. 1952).

This court has no reservation finding that CMG's failure to make any effort at serving the Center or the Strasbergs and its dependence on them learning of the lawsuit solely through indirect means is, as a matter of law, not reasonably calculated to inform

4

them of the lawsuit. It goes without saying that some effort must be made to serve each defendant in a lawsuit, otherwise there can be no good cause for the failure to serve. Furthermore, without good cause for the failure to serve a defendant within 120 days after the complaint is filed, the court is required to dismiss the cause of action against the defendant, without prejudice. Fed.R.Civ.P. 4(m). Accordingly, all claims against Anna Strasberg, David Strasberg and the Anna Freud Center are dismissed without prejudice.

### B. Failure to Plead With the Specificity Required by Fed.R.Civ.P. 9(b)

RALS- MM LLC and Stanley Buchthal do not challenge personal jurisdiction. However, they do challenge CMG's claims of fraud in the second and third counts of its Complaint, contending that the claims are pled without the specificity required under Rule 9(b) of the Federal Rules of Civil Procedure.[2] Federal Rule of Civil Procedure 9(b), states:

> (b) **Fraud, Mistake, Condition of the Mind**. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of the mind of a person may be averred generally.

Generally, a plaintiff must allege the who, what, when and where of the alleged fraud to survive a dismissal motion. *Ackerman v. Northwestern Mut. Life Ins. Co.,* 172 F.3d 467, 469 (7th Cir. 1999).

---

[2]The fact that the Complaint was originally filed in state court does not help to avoid the requirement of specificity as the federal requirement of specificity applies regardless of the state substantive standard and, even if state pleading rules applied, Indiana has a nearly identical counterpart at Ind.R.Civ.P. 9(B). *F. McConnell & Sons, Inc. v. Target Data Systems, Inc.,* 84 F.Supp.2d 980, 983 (N.D.Ind. 2000).

In both Counts at issue here, CMG makes only broad, undetailed allegations that the Defendants made representations they knew to be false and upon which CMG relied with regard to the termination agreement (Count II) and the transfer of certain trademark and property rights (Count III). No effort has been made to plead who, in particular, made the statements, what those statements were or how CMG relied upon them. Consequently, dismissal, without prejudice, is warranted with regard to CMG's two fraud counts.

### C. Failure to State a Claim For Relief

#### 1. Breach of Contract

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted." Fed.R.Civ.P. 12(b)(6). A complaint need not make detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but it must contain more than labels and conclusions or a formalistic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court must treat the factual allegations in the complaint as true, construe the allegations liberally, and draw all reasonable inferences in the plaintiff's favor. *See Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005). However, the old standard, that a complaint will not be dismissed unless it appears that no set of facts could support his claim, has been replaced by the requirement that a plaintiff must "state a claim to relief

that is plausible on its face." *Twombly*, 550 U.S. at 563.[3]

Defendants contend that CMG has pled a breach of contract claim that can only be pursued against those Defendants, or their successors in interest, who signed the three contracts which CMG has put at issue. Count I of the Complaint is CMG's breach of contract claim and it alleges that there are three written agreements which the Defendants breached "individually and collectively." The three agreements, each of which CMG attached in either an unsigned or incomplete form to its Complaint, can be described as follows:

1. July 1, 1995 - Representation Agreement between The Estate of Marilyn Monroe and CMG Worldwide, Inc. ("Representation Agreement");
2. November 2010 - Termination of Representation Agreement between Marilyn Monroe LLC, MM-ABG LLC and CMG Worldwide, Inc. ("Termination Agreement");
3. February 3, 2011 - Letter Agreement on Transfer of Internet Domain between MM-ABG LLC and CMG Worldwide, Inc. ("Domain Transfer Agreement").

Applying Indiana law, "[t]he essential elements of a breach of contract claim are the existence of a contract, the defendant's breach thereof, and damages." *Haegert v. University of Evansville,* 955 N.E.2d 753, 758 (Ind. Ct. App. 2011). Indeed, the first step toward proving a breach of contract claim is for the plaintiff to demonstrate that a valid

---

[3]Throughout its response brief the CMG cites to the "no set of facts" standard for reviewing a motion to dismiss, which standard originated with the Supreme Court's decision in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). It has been more than five years since the Supreme Court abrogated that standard in its opinion in *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007). That is more than adequate time for litigants and legal practitioners to become aware of the new standard and to refrain from citing outdated law.

contract existed between it and the defendant.  *See Puller v. Mortgage Assocs. v. Keegan*, 829 F. Supp. 1507, 1518 (S.D. Ind. 1993).  CMG has failed to set forth allegations in its pleadings which would link Buchthal, the Strasbergs or the Center as parties to any of these contracts.  The Complaint does allege that RALS-MM LLC is a successor in interest to the Estate and to Marilyn Monroe LLC, and that MM-ABG LLC is a successor in interest to Marilyn Monroe LLC.  CMG has settled with MM-ABG LLC and RALS-MM LLC is not asking to be dismissed from the breach of contract claim. However, Buchthal (as well as the Strasbergs and the Center if personal jurisdiction were to be obtained) seeks a dismissal of this claim, as he is alleged only to be a member of one of the limited liability companies which succeeded the Estate.  There is no allegation that Buchthal, the Strasbergs or the Center were made parties to the three agreements.

In its response brief, CMG admits that neither the Center or any of the individual defendants was a party to the Domain Transfer Agreement, but it contends that they were parties to the other two agreements.  The basis for CMG's claim that Anna Strasberg is a party to the Representation Agreement is that she was the primary heir to the Estate and signed the Representation Agreement in her capacity as Administratrix of the Estate.  However, that argument flies in the face of the document itself which clearly refers to Anna Strasberg only in her capacity as Administratrix.  CMG argues as well that all of these Defendants benefitted from the Representation Agreement and that the agreement required their approval for licensing deals, thereby making them parties.  In fact, the

Representation Agreement states that it is "the Estate" which is entitled to pre-approve licensing deals and no mention of the individual defendants or the Center is made with regard to the pre-approval provisions.  To argue otherwise is insincere at best.  In short, even if these Defendants, as members of a successor limited liability company,  had the authority to reject or approve licensing deals, that does not make them a party to the agreement.

The purpose of a limited liability company is to provide individuals the same protection enjoyed by shareholders of a corporation through creation of a distinct legal entity, while at the same time featuring pass-through taxation similar to that enjoyed by individuals in a partnership.  *Five Star Concrete, L.L.C. v. Klink, Inc.*, 693 N.E.2d 583, 586 (Ind. Ct. App.1998).  The Indiana Business Flexibility Act controls the creation and operation of limited liability companies in Indiana.  *Brant v. Krilich*, 835 N.E.2d 582, 592 (Ind. Ct. App.2005).  In terms of personal liability, the Indiana Business Flexibility Act states:

> A member, a manager, an agent, or an employee of a limited liability company is not personally liable for the debts, obligations, or liabilities of the limited liability company, whether arising in contract, tort, or otherwise, or for the acts or omissions of any other member, manager, agent, or employee of the limited liability company.  A member, a manager, an agent, or an employee of a limited liability company may be personally liable for the person's own acts or omissions.

Ind.Code § 23–18–3–3(a).

Thus, individuals associated with a limited liability company are not personally liable

merely because of their ownership in the entity. Rather, liability for the obligations of the LLC can only fall on an individual member if they disregarded the "corporate form" so as to control or manipulate it as an instrumentality of their own, similar to piercing the corporate veil. *Ketchem v. American Acceptance, Co., LLC,* 641 F.Supp.2d 782, 786 (N.D.Ind. 2008); *Troutwine Estates Development Co. LLC v. Comsub Design and Engineering, Inc.,* 854 N.E.2d 890, 899 (Ind. Ct. App. 2006). CMG has not alleged any facts which would support a pursuit of these defendants on that basis. Consequently, there are no direct or inferential allegations respecting the necessary material elements to sustain a recovery under a viable legal theory, and the breach of contract claim is dismissed as to all defendants other than RALS-MM LLC. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

        2.        Tortious Interference

Count IV of CMG's Complaint is titled "Tortious Interference of Contract" and asserts claims against only two defendants, one of which has previously been dismissed, leaving Stanley Buchthal as the lone remaining targeted Defendant. In order to prove tortious interference with contract, a plaintiff must show: 1) the existence of a valid and enforceable contract; 2) defendant's knowledge of the existence of the contract; 3) defendant's intentional inducement of breach of the contract; 4) the absence of justification; and 5) damages resulting from defendant's wrongful inducement of the breach. *Levee v. Beeching*, 729 N.E.2d 215, 221 (Ind. Ct. App. 2000). A defendant must

have acted intentionally or knowingly, as mere negligence will not support a recovery. *DBS Constr., Inc. v. New Equip. Leasing, Inc*., 2011 WL 1157531, *4 (N.D.Ind. March 28, 2011)(citing *Tenta v. Guraly*, 221 N.E.2d 577, 580 (Ind. Ct. App. 1966). Buchthal claims the tort claim must be dismissed because CMG has failed to plead that he induced the breach of any contract or that he acted with any type of tortious intent.

In response, CMG points to paragraph 29 of its Complaint alleging that despite Buchthal's awareness of the Representation Agreement giving CMG exclusive agency rights to the relevant intellectual property, and his knowledge of the Termination Agreement, giving certain rights to receive royalties to CMG, Buchthal intentionally negotiated license agreements that interfered with those rights – the agreement between CMG and MM LLC and third-party license agreements which CMG had negotiated. Further, CMG points to its allegations with regard to Buchthal's ownership interest in MM-ABG LLC and its allegations that Buchthal took steps to require third-party licensees to pay royalties to MM-ABG LLC instead of CMG, in contravention of the Termination Agreement.

The court finds Buchthal's retort, that the Complaint fails to describe what third-party contract was breached, to be insufficient to require dismissal of the claim at this point. Taking all the allegations of the Complaint into account, and allowing for all favorable inferences in CMG's favor, the court is comfortable that the minimum standard of "plausibility" has been met. Because the claim is not one for fraud, like Counts II and III,

there is no "who, what, where and when" requirement for pleading.  Rather, based on the allegations, there need only be a plausible set of facts that could lead to a successful prosecution. *Twombly*, 550 U.S. at 563.  If, after discovery, CMG is unable to adduce all of the supporting facts necessary to sustain the claim, then a motion for summary judgment would eliminate that claim from further prosecution.  Accordingly, Defendants' motion is denied with respect to CMG's claim for tortious interference with contract, and that claim will survive as against Stanley Buchthal.

### III.  Conclusion

For the reasons explicated in this entry, Defendants' Motion to Dismiss (Docket # 25) is **GRANTED IN PART** and **DENIED IN PART**.  All of CMG's claims against Defendants Anna Strasberg, David Strasberg and the Anna Freud Center are dismissed without prejudice for failure to serve process.  Counts II and III of CMG's Complaint, alleging fraud, are dismissed without prejudice against all Defendants.  Count I of CMG's Complaint, alleging breach of contract, is dismissed as to all Defendants other than RAL-MM LLC.  Count IV of CMG's Complaint, alleging tortious interference with contract against Stanley Buchthal survives and may move forward along with the breach of

contract claim against RAL-MM LLC.

**SO ORDERED** this 28th day of September 2012.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record